UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAURICE CARTER,<br><br>  Plaintiff,<br><br>  v.<br><br>SOLANO COUNTY SHERIFF'S OFFICE, et al.,<br><br>  Defendants. | No. 2:15-cv-1381 KJN P<br><br>ORDER |

Plaintiff is a county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). (See ECF No. 5.)

I. In Forma Pauperis application

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1   and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly
2   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
3   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
5   § 1915(b)(2).

II. Screening requirement & standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Analysis

    A.    Failure to state a claim for relief

As presently pled, plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983. Plaintiff describes three instances of alleged misconduct by defendants, each of which is addressed in turn below.

        i. Alleged failure to document and photograph injuries

First, plaintiff claims that defendants waited twenty-two days to document and photograph injuries that he allegedly sustained on the night of his arrest, and that evidence of these injuries were "important for his case." (ECF No. 1 at 3-4.) Plaintiff is hereby advised that these allegations, standing alone, do not appear to state a claim under 42 U.S.C. § 1983. However, to the extent that plaintiff is alleging that police officers failed to preserve potentially-exculpatory evidence material to his case, it may be that he has a basis to seek a writ of habeas corpus pursuant to 28 U.S.C § 2254 in a separately-filed action.

Under applicable Federal law, a failure to preserve evidence violates a defendant's right to due process only if the unavailable evidence possessed "exculpatory value that was apparent before the evidence was destroyed, and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." California v. Trombetta, 467 U.S. 479, 489 (1984); Cooper v. Calderon, 255 F.3d 1104, 1113 (9th Cir. 2001). A defendant must also demonstrate that the police acted in bad faith in failing to preserve potentially useful evidence. Arizona v. Youngblood, 488 U.S. 51, 58 (1988); Cooper, 255 F.3d at 1113; see also Guam v. Muna, 999 F.2d 397, 400 (9th Cir. 1993). The presence or absence of bad faith turns on

the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed. Youngblood, 488 U.S. at 56-57 n*; see also United States v. Cooper, 983 F.2d 928, 931 (9th Cir. 1993).

### ii. Claims arising from housing of inmates

Plaintiff also alleges that Solano County authorities have a practice of housing inmates who are healthy (such as plaintiff) with inmates who suffer from "deadly or very serious illnesses." (ECF No. 1 at 4.) In support of this assertion, plaintiff alleges that two inmates whom he was housed with smelled bad even after showering, and that one of these inmates had lesions on his face and was unable to urinate.

It appears that plaintiff is attempting to allege defendants' deliberate indifference to serious medical needs under the Eighth Amendment. However, plaintiff's complaint lacks factual allegations necessary to support such a claim. Plaintiff is advised of the following standards for an Eight Amendment claim based on inadequate medical care.

To state such a claim, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant(s) possessed a sufficiently culpable state of mind. Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

To meet the objective element, plaintiff must demonstrate the existence of a serious medical need. Estelle, 429 U.S. at 104. Such a need exists if the failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and citations omitted). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Under the subjective element, a prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). To prevail on a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The court "need not defer to the judgment of prison doctors or administrators" when deciding the deliberate indifference element. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss of his dentures was causing him severe pain and permanent physical damage, three month delay in providing pain relief and soft food diet constituted Eighth Amendment violation).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.) A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate

indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.  Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim."  Franklin, 662 F.2d at 1344.  To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  See Jackson, 90 F.3d at 332; see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

Herein, for example, plaintiff does not include any allegations that any other inmates had highly infectious diseases, and that correctional staff was aware of those conditions but ignored them by housing plaintiff with such inmates.

### iii.  Claims arising from plaintiff's torn rotator cuff

Finally, plaintiff alleges that, in retaliation for filing inmate grievances, he was denied medical care for a torn rotator cuff.  Standing alone, plaintiff's allegations are insufficient to state a Section 1983 claim.  To the extent that plaintiff is attempting to plead an Eighth Amendment violation for inadequate medical care, he has failed to allege all of the elements of such a claim; he is referred to the standards set forth above.  To the extent that plaintiff is attempting to allege a claim for retaliation for exercise of his First Amendment rights, he is advised of the following.

It is well-established that inmates have a constitutional right to freedom from retaliation for engaging in activity protected by the First Amendment.  Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005).  An imate retaliation claim has five elements.  First, plaintiff must show that he engaged in conduct protected by the First Amendment.  See Watison v. Carter, 668 F.3d 1108,

1114 (9th Cir. 2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Third, plaintiff must show a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, plaintiff must show that the retaliatory action "'did not advance legitimate goals of the correctional institution . . . .'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

### B. Improper pleading as to named defendants' involvement

Plaintiff names the following as defendants in his complaint: Solano County Sheriff's Office, Solano County Detention Facility, all "staff and medical staff" at Solano County Detention Facility, Thomas A. Ferrara, D. Wright, and Correctional Officers Reid, Marshall, Simmons, Beck, Routh, Bradshaw, Figueroa, Tourrella, Snyder, Broadnax, Kerr, and Ault. (ECF No. 1 at 1, 2.)

However, plaintiff fails to allege in specific terms how each of these defendants is individually responsible for his claimed injuries. See Rizzo v. Goode, 423 U.S. 362, 371 (1976). The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo, 423 U.S. at 362. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

////

As the complaint fails to specify how the named defendants are each responsible for plaintiff's claimed injuries, it must be dismissed.

### C. Multiple, unrelated claims

Finally, it appears that plaintiff may be attempting to sue multiple defendants for multiple, unrelated acts. Plaintiff is advised that he may join multiple claims if they are all brought against a single defendant. Fed. R. Civ. P. 18(a). Alternately, he may sue multiple defendants if "(A) any right to relief is asserted against [those defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences; and (B) any question of law or fact common to all [those] defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a) . . . . Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### IV. Leave to file an amended complaint

Ultimately, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

1 R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
2 an amended complaint.

3     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
4 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo</u>, 423
5 U.S. at 371.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
6 link or connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>May v.
7 Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson</u>, 588 F.2d at 743.  Furthermore, vague and
8 conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v.
9 Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

10     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
11 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
12 complaint be complete in itself without reference to any prior pleading.  This requirement exists
13 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.
14 Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
15 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
16 original complaint, each claim and the involvement of each defendant must be sufficiently
17 alleged.

18 V. <u>Conclusion</u>

19     In accordance with the above, IT IS HEREBY ORDERED that:

20     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

21     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
22 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
23 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
24 Sheriff of Solano County filed concurrently herewith.

25     3.  Plaintiff's complaint is dismissed.

26     4.  Within thirty days from the date of this order, plaintiff shall complete the attached
27 Notice of Amendment and submit the following documents to the court:

28         a.  The completed Notice of Amendment; and

9

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 16, 2015

/cart1381.14.new.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAURICE CARTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1381 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

　　　_____　　　Amended Complaint
DATED:


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff